UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULINO P. ANTONIO,

        Plaintiff,                          Case No. 06-15653

v.                                                Hon. Gerald E. Rosen

MICHIGAN DEPARTMENT OF TREASURY,

        Defendant.
_____/

**ORDER GRANTING IN PART**
**DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 17, 2007

PRESENT: Honorable Gerald E. Rosen
                    United States District Judge

Plaintiff Paulino P. Antonio commenced this action in this Court on December 19, 2006, asserting claims against his employer, the Defendant Michigan Department of Treasury, under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* By motion filed on January 26, 2007, Defendant now seeks the dismissal of each of these claims. For the reasons set forth briefly below, the Court finds that some, but not all, of Plaintiff's claims are subject to dismissal.

First, Defendant asserts that, as an arm of the State of Michigan, it is not a

"person" subject to liability under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).  Plaintiff does not contend otherwise in his response, but maintains that he named the Michigan Department of Treasury as a sort of "placeholder" until he could identify the individual Department of Treasury employees who allegedly were responsible for violating his constitutional rights.  Plaintiff further states that he has identified two such individuals, and he asks that he be granted leave to amend his complaint to name these two individuals as defendants.

Under these circumstances, it is clear that Plaintiff's § 1983 claim as pled in his initial complaint is subject to dismissal.  While Plaintiff contends that such a claim might be viable as to particular Department of Treasury employees, he has yet to file a motion seeking leave to amend his complaint to name these individuals as defendants.  Nor has Plaintiff provided a proposed amended complaint in which he sets forth specific allegations in support of a § 1983 claim against any individual defendant.  Accordingly, the Court declines to issue a "blank check" granting leave to file an amended complaint, absent a motion requesting this relief or a proposed pleading stating a viable § 1983 claim.  Rather, the Court must take the pleadings as it finds them, and the only defendant named in Plaintiff's present complaint simply is not subject to liability under § 1983.

Next, Defendant cites its Eleventh Amendment immunity as protecting it from suit in federal court for any alleged violation of Michigan's Elliott-Larsen Civil Rights Act.  In response, Plaintiff concedes that this state-law claim may not be pursued before this Court.  Accordingly, this claim is dismissed.

Finally, Defendant contends that Plaintiff's Title VII claims also are subject to dismissal, in whole or in part, either for failure to exhaust administrative remedies or for failure to state a claim. In support of the former challenge, Defendant points to Plaintiff's apparent assertion in his EEOC charge that he was passed over for a *single* promotion in favor of an African-American named Ron Flowers.[1] In his complaint filed with this Court, in contrast, Plaintiff alleges that he was passed over for *two* higher-level positions that were filled at roughly the same time, one by Flowers and one by another African-American, Pat O'Neal.

Yet, contrary to Defendant's suggestion in its motion — which, notably, is unsupported by any citation to authority on this point — a plaintiff's Title VII complaint and underlying EEOC charge need not be identical in order to satisfy the requirement of administrative exhaustion. Rather, the complaint is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Ang v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) (internal quotation marks and citation omitted); see also Weigel v. Baptist Hospital of East Tennessee, 302 F.3d 367, 379-80 (6th Cir. 2002). In investigating Plaintiff's claim that he was passed over for a promotion to the position of Manager 14, and that this position instead was awarded to Ron Flowers in December of 2005, the EEOC surely would have discovered the facts

---

[1] Although Defendant claims that Plaintiff's EEOC charge is attached as an exhibit to its motion, it instead has provided only a right-to-sue letter issued by the EEOC. Similarly, while Plaintiff quotes from his EEOC charge in his response to Defendant's motion, he has failed to provide the Court with a copy of this charge. The parties apparently are in agreement, however, as to the basic substance of Plaintiff's submission to the EEOC.

surrounding Plaintiff's additional claim that a *second* Manager 14 position was awarded to Pat O'Neal at roughly the same time, in November of 2005. Moreover, Plaintiff's theory of wrongdoing is precisely the same as to both positions — namely, that he is of Filipino descent, and that the positions instead were awarded to African-Americans. Accordingly, the Court finds that the requirement of administrative exhaustion has been satisfied here.

Alternatively, Defendant suggests that Plaintiff's allegations in his complaint are insufficient to make out a *prima facie* case of discrimination on the basis of race or national origin. As observed in Plaintiff's response, however, the Supreme Court has emphasized that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002). Upon reviewing the allegations of Plaintiff's complaint, the Court is satisfied that they meet the relevant pleading standard, setting forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Swierkiewicz, 534 U.S. at 512-14, 122 S. Ct. at 998-99. Consequently, Plaintiff is entitled to go forward with his claims under Title VII.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's January 26, 2007 motion to dismiss, as supplemented by an amended motion filed on February 5, 2007, is GRANTED IN PART and DENIED IN PART, in accordance with the rulings in this order.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: April 17, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
